**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ROBERT FLAGG** | **CIVIL ACTION** |
| **VERSUS** | **NO.  06-2799** |
| **N. BURL CAIN, WARDEN**<br>**LOUISIANA STATE PENITENTIARY** | **SECTION "J"(4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct hearings, including an Evidentiary Hearing if necessary, and to submit Proposed Findings and Recommendations pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.  *See* 28 U.S.C. § 2254(e)(2).[1]

**I.     Factual and Procedural Background**

The petitioner, Robert Flagg ("Flagg"), is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2]  On October 26, 1999, Flagg and a co-defendant, Alton L. Perry, were charged in Jefferson Parish by Bill of Information in Case No. 99-6979 with possession of heroin

---

[1]Under Title 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 1.

and in Case No. 99-6980 with possession of cocaine.[3]  Although Flagg appears to direct his petition

to the conviction in Case No. 99-6979, he also addressed issues related to the separate conviction

in Case No. 99-6980.  Out of an abundance of caution, the Court will address the petition as if it

challenges the two judgments of conviction from the same court.  *See* Rule 2(e), Rules Governing

Section 2254 Cases.

The factual basis for both cases was related by the Louisiana Fifth Circuit Court of Appeal

in the direct appeal opinion following the possession of heroin conviction.[4]  The record reflects that,

in late September of 1999, Agent Frank Horn, a narcotics detective with the Jefferson Parish

Sheriff's Office, received information regarding the sale of crack cocaine from a specific residence

in Marrero, Louisiana, by a black male identified as "Jay" and a black female identified as

"Anastasia."  Agent Horn recognized the names and address because of a previous surveillance and

investigation of the same residence in March of 1999.  As a result of the information, Agent Horn

conducted a visual surveillance of the residence for approximately one and one-half hours.  During

that period, he observed approximately fifteen cars coming and going from the house.  He watched

as the driver or a passenger would exit the car and either enter the residence or meet someone at the

door.  The person would stay at the house two to three minutes before leaving.  Based on this

activity, Agent Horn suspected narcotics trafficking.  However, no police action was taken that

night.

---

[3]St. Rec. Vol. 1 of 9, Bill of Information (99-6979, heroin), 10/26/99; St. Rec. Vol. 7 of 9, Bill of Information (99-6980, cocaine), 10/26/99.

[4]*State v. Flagg*, 792 So.2d 133, 137-38 (La. App. 5th Cir. 2001) (heroin); St. Rec. Vol. 2 of 9, 5th Cir. Opinion, 01-KA-65, pp. 2-4, 7/30/01 (heroin).  The Louisiana Fifth Circuit referenced this opinion when later addressing Flagg's appeal from the possession of cocaine conviction.  St. Rec. Vol. 7 of 9, 5th Cir. Opinion, 01-KA-66, p. 2, 7/30/01 (cocaine).

Agent Horn conducted a second surveillance of the residence on October 1, 1999.  During this surveillance, Agent Horn observed the same activity with eight to nine cars stopping at the residence within a one hour period.  Specifically, the cars would pull up to the house and someone would exit the vehicle, enter the residence or meet with someone at the residence.  The person would stay for two to three minutes and then leave.  Perry was the driver of the last car that stopped during the surveillance and Flagg was his passenger.

According to Agent Horn, Perry exited the vehicle while Flagg remained in the front passenger's seat.  Perry entered the house, stayed for three to five minutes and came out of the house with a third person, identified as Eric Proctor.  Both men got into the car with Flagg and drove away.  Perry was the driver and Proctor was in the back seat.

At trial, Flagg and Proctor had a different version of events than Agent Horn.  Proctor denied that Perry ever went into the house.  However, Flagg admitted that Perry went into the house but denied that anyone accompanied Perry when he exited the house.  Both Flagg and Proctor testified that Proctor later flagged the car down and asked for a ride to Winn-Dixie.

Nevertheless, as the car left the residence, Agent Horn instructed the surveillance team by radio to stop the vehicle.  Agent Horn testified that the reason he instructed the surveillance team accordingly to obtain information regarding the third person who exited the house with the driver and what the vehicle was doing at the residence.  He believed that the occupants of the vehicle had been involved in a drug transaction.  Additionally, Agent Horn hoped to gain enough information to secure a search warrant for the residence.

The vehicle was intercepted a few blocks away by Agent Eric Pearsons and two other police officers. All three individuals were ordered out of the car, instructed to lie down on the ground, and frisked for weapons. No weapons were found.

Agent Pearsons then looked in the car and saw a clear plastic fuse box on the floorboard between the driver's seat and the passenger's seat. The fuse box contained four off-white rocks, which Agent Pearsons believed to be crack cocaine, and a piece of wrapped aluminum foil, which was consistent with heroin packaging. Agent Pearsons seized the fuse box and conducted a field test of its contents which confirmed the presence of cocaine and heroin. Flagg and Perry were then arrested.

Flagg waived his right to a jury trial and was tried by a judge in both cases on March 13, 2000.[5] The court found him guilty as charged in both cases.[6] Thereafter, on March 17, 2000, the co-defendant Perry entered pleas of guilty in each case and was sentenced to serve concurrent five year sentences on each count.[7]

On the same day, the Trial Court held a hearing on Flagg's motion for new trial filed under both case numbers.[8] The State also filed a multiple offender bill charging Flagg in connection with

---

[5]St. Rec. Vol. 1 of 9, Trial Minutes (99-6979, heroin), 3/13/00; St. Rec. Vol. 3 of 9, Trial Minutes (99-6980, cocaine), 3/13/00; St. Rec. Vol. 5 of 9, Trial Transcript (99-6979, heroin), 3/13/00.

[6]St. Rec. Vol. 1 of 9, Trial Minutes (99-6979, heroin), 3/13/00; St. Rec. Vol. 3 of 9, Trial Minutes (99-6980, cocaine), 3/13/00; St. Rec. Vol. 5 of 9, Trial Transcript (99-6979, heroin), p. 92, 3/13/00.

[7]St. Rec. Vol. 1 of 9, Waiver of Constitutional Rights Plea of Guilty (Perry) (99-6979, heroin), 3/17/00; Sentencing Minutes (Perry) (99-6979, heroin), 3/17/00; St. Rec. Vol. 3 of 9, Waiver of Constitutional Rights Plea of Guilty (Perry) (99-6980, cocaine), 3/17/00; Sentencing Minutes (Perry) (99-6980, cocaine), 3/17/00.

[8]St. Rec. Vol. 1 of 9, Motion for New Trial (both cases) (undated); Motion Hearing Minutes (heroin), 3/17/00; St. Rec. Vol. 7 of 9, Motion Hearing Minutes (cocaine), 3/17/00; St. Rec. Vol. Motion Hearing Transcript (99-6979, heroin), 3/17/00.

the heroin conviction in Case No. 99-6979.[9]  After two additional hearings on the motion for new

trial as amended by Flagg, the Court denied the motion in both cases on June 23, 2000.[10]

Thereafter, on July 20, 2000, the Trial Court sentenced Flagg to serve 10 years in prison in

Case No. 99-6979 for possession of heroin.[11]  The court also sentenced Flagg to serve five years in

prison in Case No. 99-6980 for possession of cocaine.[12]  The State also filed that same day another

multiple offender bill against Flagg in connection with Case No. 99-6979.[13]

Flagg later filed a Uniform Application for Post Conviction relief alleging that his trial

counsel was ineffective for failing to gain him an acquittal.[14]  The trial court did not rule on this

application.

On February 8, 2001, Flagg's counsel filed a motion to quash the multiple bill based on

infirmities in two of the predicate offenses.[15]  The Trial Court denied the motion at a hearing held

on March 16, 2001.[16]

---

[9]St. Rec. Vol. 1 of 9, Multiple Bill (99-6979, heroin), 3/17/00.

[10]St. Rec. Vol. 1 of 9, Motion Hearing Minutes (99-6979, heroin), 3/24/00; Amended Motion for New Trial (both cases), 4/4/00; Motion Hearing Minutes (99-6979, heroin); 4/27/00; Motion Hearing Minutes, (99-6979, heroin), 6/23/00; St. Rec. Vol. 5 of 9, Motion Hearing Transcript (99-6979, heroin), 6/23/00; St. Rec. Vol. 7 of 9, Motion Hearing Minutes (99-6980, cocaine), 3/24/00; Motion Hearing Minutes (99-6980, cocaine); 4/27/00; Motion Hearing Minutes, (99-6980, cocaine), 6/23/00.

[11]St. Rec. Vol. 1 of 9, Sentencing Minutes (99-6979, heroin), 7/20/00; St. Rec. Vol. 5 of 9, Sentencing Transcript (99-6979, heroin), 7/20/00.

[12]St. Rec. Vol. 3 of 9, Sentencing Minutes (99-6980, cocaine), 7/20/00; St. Rec. Vol. 5 of 9, Sentencing Transcript (99-6979, heroin), 7/20/00.

[13]St. Rec. Vol. 1 of 9, Multiple Bill (99-6979, heroin), 7/20/00.

[14]St. Rec. Vol. 1 of 9, Uniform Application for Post Conviction Relief (both cases), 9/11/00 (signed 9/5/00).

[15]St. Rec. Vol. 1 of 9, Motion to Quash Multiple Offender Bill of Information, 2/8/01.

[16]St. Rec. Vol. 1 of 9, Motion Hearing Minutes (99-6979, heroin), 3/16/01.

That same day, the Court took up the multiple offender adjudication.[17]  Flagg entered a plea of guilty to the multiple bill and the Court sentenced him to serve a life sentence on the charge of possession of heroin in Case No. 99-6979.[18]  Flagg's counsel, on March 21, 2001, filed a motion to reconsider the life sentence.[19]  The Trial Court held a hearing on May 3, 2001, at which the court denied the motion.[20]

Flagg filed separate appeals from his convictions in Case Nos. 99-6979 and 99-6980, each raising the same grounds for relief:[21] (1) the Trial Court erred in denying the motion to suppress the evidence seized from the car; (2) the evidence was insufficient to support the conviction; (3) the Trial Court erred in denying the motion for new trial; (4) the Trial Court erred in denying the motion to quash the multiple bill based on inadequate proof of the prior convictions; (5) the life sentence is excessive; and (6) the record should be reviewed for errors patent.

On July 30, 2001, the Louisiana Fifth Circuit affirmed the conviction and sentence for possession of heroin finding Flagg's claims to be without merit.[22]  The Court issued a separate

---

[17]St. Rec. Vol. 1 of 9, Multiple Bill Hearing Minutes (99-6979, heroin), 3/16/01.

[18]*Id.*; St. Rec. Vol. 8 of 9, Multiple Bill Hearing Transcript (99-6979, heroin), 3/16/01.

[19]St. Rec. Vol. 1 of 9, Motion for Reconsideration of Sentence (99-6979, heroin), 3/21/01.

[20]St. Rec. Vol. 1 of 9, Motion Hearing Minutes (99-6979, heroin), 5/3/01; St. Rec. Vol. 6 of 9, Motion Hearing Transcript (99-6979, heroin), 5/3/01.

[21]*State v. Flagg*, 792 So.2d at 133 (heroin); St. Rec. Vol. 2 of 9, 5th Cir. Opinion, 01-KA-65, 7/30/01 (heroin); Supplemental Appeal Brief, 2001-KA-0065, 6/7/01 (heroin); St. Rec. Vol. 1 of 9, Appeal Brief, 01-KA-0065, 3/2/01 (heroin); St. Rec. Vol. 7 of 9, 5th Cir. Opinion, 01-KA-66, 7/30/01 (cocaine); Appeal Brief, 01-KA-0066, 2/20/01 (cocaine).

[22]*State v. Flagg*, 792 So.2d 133, 137-38 (La. App. 5th Cir. 2001) (heroin); St. Rec. Vol. 2 of 9, 5th Cir. Opinion, 01-KA-65, 7/30/01 (heroin).

opinion that same day affirming Flagg's conviction and sentence for possession of cocaine, adopting by reference the same reasons issued in the other opinion.[23]

Flagg did not seek rehearing or file for review in the Louisiana Supreme Court in connection with the possession of cocaine conviction in Case No. 99-6980. Therefore, his conviction for possession of cocaine became final on August 29, 2001, which was 30 days after issuance of the appellate court's opinion and no further appellate review was available in that case.[24] *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the appeal process).

On September 10, 2001, Flagg filed a timely writ application with the Louisiana Supreme Court challenging the appeal in Case No. 99-6979, for the possession of heroin.[25] The Court denied the writ application without reasons on September 20, 2002.[26]

Flagg's conviction and sentence for the possession of heroin in Case No. 99-6979 became final 90 days later, December 19, 2002, because he did not file a writ application with the United States Supreme Court. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under Title 28 U.S.C. § 2244(d)(1)(A)); U.S. S. Ct. Rule 13(1).

---

[23]St. Rec. Vol. 7 of 9, 5th Cir. Opinion, 01-KA-66, 7/30/01 (cocaine).

[24]La. S.Ct. R. X§5(a) provides that an application seeking review of the judgment of the court of appeal shall be mailed or filed within 30 days of the issuance of the judgment. *See also* La. Code Crim. Proc. art. 922.

[25]St. Rec. Vol. 2 of 9, La. S. Ct. Letter, 2001-KO-2534, 9/10/01 (postmark 8/29/01). As noted above, petitioner had 30 days from the issuance of the appellate court's opinion to file or mail a writ application to the Louisiana Supreme Court. His writ application was postmarked August 29, 2001. St. Rec. Vol. 2 of 9, La. S. Ct. Letter, 2001-KO-2534, 9/10/01 (postmark 8/29/01). This date was within that period. *See Causey v. Cain*, 450 F.3d 601 (5th Cir. 2006).

[26]*State v. Flagg*, 825 So.2d 1159, 1160 (La. 2002); St. Rec. Vol. 2 of 9, La. S. Ct. Order, 2001-KO-2534, 9/20/02.

II.     **Procedural Background**

On December 18, 2002, Flagg signed an application for post conviction relief, captioned for both cases, which was filed in the Trial Court on January 2, 2004.[27]  He raised two grounds for relief: (1) he was denied a due process and a fair trial because of a premature verdict of guilty; and (2) ineffective assistance of counsel where he failed to take steps to prevent admission of the prior conviction at the multiple bill hearing.

On January 14, 2004, the Trial Court issued separate orders addressing the application in each case.[28]  The court determined that the first claim was an appealable issue which was not addressed on direct appeal.  He ordered Flagg to file written reasons within 30 days explaining his failure to raise the claim on appeal.  The Court denied the second claim as meritless citing *Strickland v. Washington*, 466 U.S. 668 (1984).

Flagg filed a written response on February 23, 2004.[29]  The Trial Court thereafter reiterated its decision to deny the ineffective assistance of counsel claim as meritless and denied the application *in toto* in both cases finding the first claim to be procedurally barred from review because it was not raised on direct appeal.[30]

---

[27]St. Rec. Vol. 4 of 9, Application for Post Conviction Relief, 1/2/04 (both cases) (signed 12/18/02).  Although the Trial Court will later write that the application was filed on "January 2, 2003," the application was filed on January 2, 2004.  Flagg also concedes in his petition that he in fact mailed the application to the state trial court 11 months and 26 days after his conviction became final in December of 2002.  Rec. Doc. No. 3, Memorandum in Support, p.7.

[28]St. Rec. Vol. 4 of 9, Trial Court Order (99-6979, heroin), 1/14/04; St. Rec.Vol. 3 of 9, Trial Court Order (99-6980, cocaine), 1/14/04.

[29]St. Rec. Vol. 4 of 9, Written Reasons, 2/23/04.

[30]St. Rec. Vol. 4 of 9, Trial Court Order (99-6979, heroin), 2/26/04; St. Rec. Vol. 3 of 9, Trial Court Order (99-6980, cocaine), 3/3/04.

Flagg timely[31] filed for review in the Louisiana Fifth Circuit on April 8, 2004.[32]  The Court denied the application on April 13, 2004, finding no error in the trial court's rulings.[33]

On May 14, 2004, Flagg mailed a writ application which was filed in the Louisiana Supreme Court on June 3, 2004.[34]  The Court denied the application without reasons on March 24, 2005.[35] Flagg's subsequent request for reconsideration also was denied without reasons on June 24, 2005.[36]

**III.   Federal Petition**

On July 28, 2006, Flagg filed a Petition for Federal Habeas Corpus Relief in which he alleged four grounds for relief:[37] (1) the Trial Court erred by denying the motion to suppress the evidence obtained by illegal search and seizure after an illegal stop; (2) the evidence was insufficient to support the verdict; (3) he was denied a due process and a fair trial because of a premature verdict of guilty; and (4) ineffective assistance of counsel where he failed to take steps to prevent admission of the prior conviction at the multiple bill hearing.

---

[31]Louisiana law provides a 30 day period to file for review of a trial court's ruling with the circuit court of appeal.  La. App. Rule 4-3; *see also*, La. Code Crim. P. art. 922.

[32]The record does not contain a copy of this writ application.  The filing date appears on the face of the Louisiana Fifth Circuit's ruling and has been confirmed with the office of the Clerk of the Louisiana Fifth Circuit.  The application was filed within the time limit granted by the Trial Court.  St. Rec. Vol. 4 of 9, Trial Court Order (99-6979, heroin), 3/30/04; St. Rec. Vol. 3 of 9, Trial Court Order (99-6980, cocaine), 3/30/04.

[33]St. Rec. Vol. 4 of 9, 5th Cir. Order, 04-KH-388, 4/13/04 (both cases).

[34]St. Rec. Vol. 9 of 9, La. S. Ct. Writ Application, 04-KH-1361 (6/3/04) (postmarked 5/14/04) (both cases); St. Rec. Vol. 4 of 9, La. S. Ct. Letter, 2004-KH-1361, 6/3/04.

[35]*State ex rel. Flagg v. State*, 896 So.2d 1029 (La. 2005); St. Rec. Vol. 4 of 9, La. S. Ct. Order, 2004-KH-1361, 3/24/01 (both cases).

[36]*State ex rel. Flagg v. State*, 904 So.2d 740 (La. 2005); St. Rec. Vol. 3 of 9, La. S. Ct. Order, 2004-KH-1361, 6/24/05 (both cases); St. Rec. Vol. 9 of 9, Application for Rehearing, 2004-KH-1361, 6/2/05 (postal meter 4/11/05).

[37]Rec. Doc. No. 3.

The State filed an response in opposition to Flagg's federal petition alleging that it was not timely filed and that he has failed to exhaust state court remedies because Flagg sought untimely, therefore procedurally improper, review of two of his claims in the Louisiana Supreme Court.[38]

## IV.   Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[39] applies to Flagg's petition, which is deemed filed in this court under the federal "mailbox rule" on May 2, 2006.[40]

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)). The State argues that Flagg's petition is untimely filed and that he has failed to exhaust state court remedies.

---

[38]Rec. Doc. No. 7.

[39]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[40]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Flagg's federal habeas petition on July 28, 2006. Flagg dated his signature on the petition on May 2, 2006, which is the earliest date on which it could have been submitted to prison officials for mailing. The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his pro se petition. *See Cousin v. Lensing*, 310 F.3d 843, (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

The Court first will address the limitations defense as it is dispositive of the petition. Before doing so, it is incumbent upon the Court to mention that the application for post conviction relief was filed by Flagg on September 11, 2000. The record does not contain a ruling by the Trial Court on this application. However, the Court finds that this application neither effects exhaustion nor the timeliness of Flagg's federal petition.

The 2000 application raised ineffective assistance of counsel claims relative to counsel's performance at trial. The particular issues argued are not before this Court and therefore are not relevant to the exhaustion of the claims presented herein.

In addition, the matter is not considered to be pending for tolling of the limitations period. As will be discussed below, only a properly filed application for post conviction or other collateral review will affect or toll the limitations period. Under Louisiana law, "[a]n application for post conviction relief shall not be entertained if the petitioner may appeal the conviction and sentence which he seeks to challenge, or if an appeal is pending." La. Code Crim. P. art. 924.1. Thus, Flagg's 2000 application filed before he appealed his convictions was not procedurally proper under Louisiana law. It does not affect the limitations period to be addressed below.

## V.      Statute of Limitations

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[41] *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001). Flagg is addressing two

---

[41]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

A.      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

convictions with two different finality dates arising from his separate convictions in Case Nos. 99-6979 and 99-6980.

As set forth above, Flagg's conviction for possession of cocaine, Case No. 99-6980, became final on August 29, 2001, which was 30 days after the Louisiana Fifth Circuit affirmed his appeal and he did not pursue further relief from this conviction in the Louisiana Supreme Court. *Roberts*, 319 F.3d at 694-95. As further discussed above, Flagg's conviction for possession of heroin, Case No. 99-6979, became final on December 19, 2002, which was 90 days after the Louisiana Supreme Court denied his writ application and he did not file a writ application with the United States Supreme Court. *Ott*, 192 F.3d at 513.

Thus, under the plain language of § 2244, Flagg had until August 29, 2002, to file a timely federal application for habeas corpus relief from his possession of cocaine conviction in Case No. 99-6980. He had until December 19, 2003, to file a timely federal application for habeas corpus relief from his conviction for possession of heroin in Case No. 99-6979. He did not file this federal petition before either of these deadlines. Thus, literal application of the statute would bar Flagg's § 2254 petition as of that date unless he is entitled to tolling as provided for by the AEDPA.

Section 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244(d)(2). In order for a

---

C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;   or

D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.  28 U.S.C. § 2244(d).

State post conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-414 (2005); *Williams v. Cain*, 217 F.3d 303, 306-07 n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir.), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999). The United States Fifth Circuit has clarified its prior opinions to the contrary and resolved that timeliness in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams v. Cain*, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.'") (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2nd Cir. 1999), *aff'd*, 531 U.S. 4 (2000)); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 2001 WL 995164, slip op. at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same

substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 686-88 (5th Cir. 2005).

For ease of reference, the Court will address the tolling doctrine separately for each of Flagg's convictions.

### A.      Case No. 99-6980, Possession of Cocaine

In this case, Flagg's AEDPA filing period began to run on August 30, 2001, the day after the conviction became final under the AEDPA.  The filing period ran uninterrupted for 365 days, until August 29, 2002, when it expired.  Flagg had no properly filed state application for post conviction relief or other collateral review pending with respect to this case, the conviction for possession of cocaine, during that time period.  His application for post conviction relief deemed filed 16 months later, on December 18, 2003, has no effect on the tolling calculation as it came well after the period expired.  *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).  He was therefore not entitled to statutory tolling.[42]

His petition insofar as it addressed his conviction for possession of cocaine is untimely. Flagg's federal petition is deemed filed on May 2, 2006, which was over three and one-half years after the AEDPA filing period expired.[43]  His petition must be dismissed as untimely.

### B.      Case No. 99-6979, Possession of Heroin

---

[42]The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999).  The record before the Court does not demonstrate any basis for the awarding of equitable tolling in this case. Flagg was clearly aware of his ability to pursue further relief after his direct appeal as evidenced by his efforts to do so in the other criminal proceeding.

[43]The Court also notes that, even if a reviewing court were to consider Flagg's post conviction filings in Case No. 99-6979 as "other collateral review," potentially a tolling factor for this case, Flagg's petition is still untimely as discussed below.

In this case, Flagg's AEDPA filing period began to run on December 20, 2002, the day after the conviction became final under the AEDPA. The filing period ran uninterrupted for 364 days, until December 18, 2003, when Flagg is deemed to have filed an application for post conviction relief. The application remained pending in the state courts through resolution of the related 2004 writ application in the Louisiana Supreme Court.

The Louisiana Supreme Court denied the writ application on March 24, 2005. The Court denied the subsequent request for reconsideration on June 24, 2005. Flagg's AEDPA filing period began to run on the next business day, June 27, 2005. That day marked the expiration of his filing period. Flagg did not file his federal petition until May 2, 2006, as deemed herein. The one day remaining on his one-year AEDPA filing period passed well before the submission of his federal petition to this court. Flagg's federal petition insofar as it challenges his conviction for possession of heroin is untimely.[44]

The Court recognizes that the State takes issue with the timeliness of Flagg's 2004 writ application to the Louisiana Supreme Court under La. S.Ct. R. X§5[45] and the propriety of the request for reconsideration presumably pursuant to La. S.Ct. R. IX§6.[46] The State argues that neither should be considered as properly filed for tolling purposes. The Court need not engage in an extended review of the State's arguments, or the application of a prison mailbox rule to state pleadings, *Causey*, 450 F.3d at 604-05, which was overlooked by the State. The record demonstrates no doubt

---

[44]As state above, The record before the Court does not demonstrate any basis for the awarding of equitable tolling in this case.

[45]As noted above, this rule provides that a writ application must be postmarked or filed within 30 days of the appellate court ruling being challenged.

[46]This rule provides that a request for rehearing will not be considered when the court has merely granted or denied a writ application.

that Flagg's federal petition is not timely even affording every possible benefit of tolling.  The Court need not expend additional resources to consider whether Flagg's petition may be even more untimely than indicated herein.

Flagg's federal petition is deemed filed on May 2, 2006, which was over one-year after the AEDPA filing period expired on June 27, 2005.   His petition must be dismissed as untimely.

## VI.     Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Robert Flagg's petition for issuance of a Writ of Habeas Corpus filed pursuant to Title 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this _____7th_____ day of _____April_____, 2008.

_____

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

16